IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

*Plaintiff,*

v.

2015 INFINITI QX80,                                          No. 17-1428-SB
VIN JN8AZ2NF1F9570164 and
2007 BIG DOG CHOPPER,
VIN 5J11YBJD47W000181,

*Defendants in rem.*

---

### MEMORANDUM OPINION

October 5, 2023

---

BIBAS, *Circuit Judge*, sitting by designation.

The United States seeks default judgment and *in rem* forfeiture against the Defendant Property. I grant default judgment because the government followed procedure, stated a viable cause of action, and would be prejudiced if I denied default judgment.

*First*, the government complied with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified complaint met all the requirements of Rule G(2). And the government followed the notice requirements of Rule G(4): It published a notice of this forfeiture action on an official

government website for thirty straight days. The content of that notice satisfied Rule G(4)(a)(ii). The government also mailed copies of both the Complaint and Notice to all known potential claimants, satisfying Rule G(4)(b)(ii).

Yet no potential owner filed a claim before the deadline. So I directed the clerk to enter the default under Federal Rule of Civil Procedure 55(a). D.I. 22. The government now moves for default judgment under Rule 55(b)(2).

*Next*, I must determine whether the government's well-pleaded factual allegations state a legitimate cause of action. *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008). In doing so, I accept those factual allegations as true. *Id.* Here, the Defendant Property was bought with the proceeds of illegal drug activity. D.I. 2, at 2–6. Because ill-gotten goods are forfeitable, the verified complaint states a legitimate cause of action under 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

*Finally*, three factors guide my discretion on entering default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Each factor supports default judgment. First, the government will be prejudiced if I deny summary judgment because "it has no other remedy against" the Defendant Property. *United States v. Approximately $147,800.00 in U.S. Currency*, 2018 WL 6198361, at *4 (M.D. Pa. Nov. 28, 2018). Second, because no one has "asserted any meritorious defenses," I cannot conclude that any owner has a "viable, litigable defense." *Id.* Third, the

potential claimants were well warned and have no excuse for failing to respond apart from their culpability. *Id.* So the *Chamberlain* factors favor default judgment.

Because the government has followed proper procedures in a viable cause of action, I grant the United States's motion for default judgment. An appropriate order follows.